UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Civil No. 11-CV-8720
JENNIE ROSARIO, individually and on behalf of those
similarly situated,

                              Plaintiffs,

        - against -

THE RECEIVABLE MANAGEMENT SERVICES
CORPORATION and OXFORD HEALTH PLANS (NY),
INC.,
                             Defendants.
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THE RECEIVABLE
MANAGEMENT SERVICES CORPORATION'S MOTION TO DISMISS**

**HITCHCOCK & CUMMINGS, LLP**
Attorneys for Defendant
**The Receivable Management Services Corporation**
**120 West 45th Street**
**New York, New York 10036**
**(212) 688-3025**

Of Counsel:
    Christopher B. Hitchcock
    John W. Hanson

## **TABLE OF CONTENTS**

**Page No.:**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 1

ARGUMENT ............................................................................................................................. 2
   POINT I ................................................................................................................................ 2
      PLAINTIFF'S ACTION SHOULD BE DISMISSED
      WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(B)(6) FOR
      FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

CONCLUSION ......................................................................................................................... 4

## TABLE OF AUTHORITIES

**Page No.:**

### Cases

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ................................................................................... 2

*Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC,* 595 F.3d 86 (2d Cir. 2010) ............................................................................................................................... 3

*Salahuddin v. Cuomo*, 861 F.2d 40 (2d Cir. 1988) ...................................................................... 2

### Statutes

15 U.S.C. § 1692 *et. seq*............................................................................................................... 3

15 U.S.C. § 1692k......................................................................................................................... 3

### Rules

Fed. R. Civ. P. 12(b)(6)................................................................................................................. 3

Fed. R. Civ. P. 23 .......................................................................................................................... 3

Fed. R. Civ. P. 8 ....................................................................................................................... 2, 3

Fed. R. Civ. P. 8(a)(2).................................................................................................................... 2

## PRELIMINARY STATEMENT

Defendant The Receivable Management Services Corporation. ("RMS") respectfully submits this memorandum of law in support of its motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss plaintiff's complaint in its entirety with prejudice. Plaintiff's complaint must be dismissed because it fails to state a claim against RMS and lacks any factual basis entitling plaintiff to relief.

This is the third in a series of frivolous actions filed by plaintiff. Almost exactly one year ago, this Court dismissed plaintiff's first suit against co-defendant Oxford Health Plans (NY), Inc. ("Oxford") seeking $16,102.20, for failure to state a claim upon which relief can be granted. Recently, Justice Rackower dismissed a separate complaint that plaintiff filed against Oxford in Supreme Court, New York County. Despite this history, plaintiff filed the instant action. Unconcerned by the inadequacy of her prior pleadings, her complaint in this case consists of a string of words that make no sense.

## STATEMENT OF FACTS

There is no need to summarize plaintiff's claim, because it can be quoted in its entirety:

1. Declaratory Judgment as to joint liability;
2. Violation of FDCPA (see annexed Exhibit 'A')
3. Class Action 15 U.S.C. § 1692k.

*See* Exhibit A to the Hitchcock Declaration. The pleading attaches, without explanation, an exhibit that appears to contain correspondence between RMS and plaintiff and her attorney. *See Id.*

A year ago, this Court dismissed plaintiff's first suit against Oxford, seeking $16,102.20, for failure to state a claim upon which relief can be granted, where the entirety of plaintiff's pleading consisted of seven words:

1

1. Breach of Contract;
2. Violation of NYGBL § 349.

*See* Exhibits B and C to the Hitchcock Declaration. A separate complaint brought by plaintiff against Oxford in Supreme Court, New York County was also dismissed. *See* Exhibit D to the Hitchcock Declaration.

This time plaintiff has added a few more words, but they do not even form a sentence. Accordingly, plaintiff's complaint does not even remotely state a claim.

## ARGUMENT

### POINT I

**PLAINTIFF'S ACTION SHOULD BE DISMISSED
WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(B)(6) FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiff's complaint fails to satisfy the pleading standards under Rule 8 of the Federal Rules of Civil Procedure and therefore should be dismissed with prejudice. The "principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Under Federal Rule of Civil Procedure 8, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 8(a)(2). While this rule does not require "detailed factual allegations," a pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S. Ct. at 1949.

Rule 8 does not empower a party to "plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Iqbal,* 129 S.Ct. at 1954. To survive dismissal, "a complaint must allege a plausible set of facts

sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC,* 595 F.3d 86, 91 (2d Cir. 2010).

Plaintiff's complaint is entirely devoid of the requirements under Fed. R. Civ. P. 8 and fails to plead any claims against RMS.  Plaintiff alleges *no facts whatsoever* in support of the alleged "Violation of FDCPA," never mind the plausible set of facts required to survive a motion to dismiss.  Plaintiff's pleading fails to rise even to the insufficient level of a "formulaic recitation of the elements of a cause of action," as plaintiff fails to recite *any elements* of a cause of action under the FDCPA.  Plaintiff does not even specify which particular provision of the FDCPA is alleged to have been violated.  The FDCPA contains nineteen different provisions (eleven of which discuss compliance with and enforcement of the FDCPA), and many of the provisions contain numerous subparts.  *See* 15 U.S.C. § 1692 *et. seq*.  However, plaintiff has failed to allege *anything* other than that there has been a "violation of the FDCPA."  *See* Exhibit A.

Plaintiff also makes absolutely no effort to explain why a class action would be proper under Rule 23 of the Federal Rules of Civil Procedure, merely stating "class action 15 U.S.C. § 1692k."  Likewise, plaintiff fails to provide any factual basis whatsoever as to the basis of her declaratory judgment claim or why a declaratory judgment of "joint liability" should issue.

Accordingly, because plaintiff's complaint is devoid of any factual allegations that could warrant recovery from RMS, RMS respectfully requests that this Court dismiss plaintiff's action in its entirety with prejudice for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

Plaintiff's complaint fails to put RMS on notice of the harm that plaintiff complains of and prevents RMS from answering the complaint in an informed manner.  Accordingly, RMS's motion should be granted in its entirety, dismissing plaintiff's complaint with prejudice for failure to state a claim.

Dated:   New York, New York
             December 12, 2011

**HITCHCOCK & CUMMINGS, LLP**


By:   /s/ Christopher B. Hitchcock, Esq.
         *Attorneys for Defendant*
         *The Receivable Management Services Corp.*
         120 West 45th Street
         New York, New York 10036
         (212) 688-3025