USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/6/2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                            :
JENNIE ROSARIO,                      :
                    Plaintiff,    :
                                            :           11 Civ. 8720 (DLC)
               -v-                     :
                                            :           MEMORANDUM OPINION
OXFORD HEALTH PLANS (NY), INC.,       :             & ORDER
                     Defendant.    :
                                            :
------------------------------------------X

DENISE COTE, District Judge:

    On March 19, 2012, defendant Oxford Health Plans (NY), Inc. ("Oxford") filed a motion for sanctions pursuant to Fed. R. Civ. P. 11. By Opinion and Order dated June 20, (the "June Opinion"), the Court granted Oxford's motion. That same day, the Court set a schedule for the parties to address the amount of any award. On June 29, Oxford moved for an award of its reasonable attorneys' fees and costs in the amount of $36,336.46 against Anthony Bentley, plaintiff's counsel.[1] The motion was fully submitted on July 13. Bentley's submission did not dispute that the amount requested by Oxford was reasonable, and presented only conclusory statements in support of a lesser award. Bentley filed a notice of appeal from the June Opinion on July 20.

    A conference was held with the parties on July 23. At the conference, the Court described the standard for determining the

---

[1] Oxford later increased its request to $42,814.04.

amount of any award, including the Advisory Committee Notes for the 1993 Amendments to Rule 11. The Court inquired whether Bentley wished to make any further submissions regarding the amount of any award, in particular, a submission addressed to his financial circumstances. By Order of July 24, Bentley was granted leave to make supplemental submissions regarding the amount of the award. Supplemental submissions from Bentley were received on August 8. Oxford submitted a letter in response, which was received on August 10.

Under Rule 11, a sanction "may include nonmonetary directives." Fed. R. Civ. P. 11(c)(4). Likewise, "courts may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities." In re Martin-Trigona, 9 F.3d 226, 228 (2d Cir. 1993); cf. Safir v. U.S. Lines, Inc., 792 F.2d 19, 23-24 (2d Cir. 1986) (stating that it is "beyond peradventure" that a district court possesses the authority to enjoin a party from "further vexatious litigation" and listing factors relevant to this determination).

Bentley has been provided with multiple opportunities to make a persuasive showing as to his financial resources, but has failed to do so. In his August 8 submission, Bentley provides copies of a variety of bills; his credit card, bank, and investment statements; and documentation of his various health

issues and medications.  Bentley claims that he is "accruing mortgage payments at the forbearance of" his mortgage, but provides no documentation for this claim.  He does not identify the amount of equity he holds in the property, its value, or the amount of mortgage payments he is accruing.  He submits no tax returns, and fails to describe the source or size of his monthly income.  Accordingly, for the reasons stated at the July 23, 2012 conference and in the June Opinion, it is hereby

ORDERED that Oxford is awarded a portion of its attorneys' fees and costs in the amount of $3000 from Bentley, to be paid in installments of $250 per month for twelve months; this award is stayed pending resolution of Bentley's appeal from the June Opinion.

IT IS FURTHER ORDERED that for two years following the date of this Order, upon filing any action in federal court Bentley shall serve his client and the district court with a copy of the June Opinion.

SO ORDERED

Dated:    New York, New York
          September 6, 2012

                              _____
                                      DENISE COTE
                              United States District Judge